# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

In re:  In Proceedings Under Chapter 13

**ERIC D. PERRY**  Case No.: 07-18293

Debtor.  JUDGE RANDOLPH BAXTER

## MEMORANDUM OF OPINION AND ORDER

Before the Court is the Motion to Dismiss the Debtor's Chapter 13 Case (the "Motion") filed by the Internal Revenue Service (the "Service"), over the objection of Eric D. Perry (the "Debtor"). This Court acquires jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157 and General Order No. 84 of this District. Upon a duly noticed evidentiary hearing and a review of the record, the following findings of fact and conclusions of law are hereby rendered:

\*

The Debtor filed his petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on October 30, 2007 (the "Petition Date"). The first meeting of creditors for this Debtor was held and concluded on December 12, 2007. At the meeting of creditors, the Service appeared and reported that there was no record of the Debtor filing a 2000 or 2004 tax return. At the confirmation hearing for the Debtor's Chapter 13 Plan of Reorganization (the "Plan"), the Chapter 13 trustee (the "Trustee") recommended the Plan for confirmation. Without objection of record, this Court confirmed the Plan and an order confirming the Debtor's Plan was entered. Subsequently, the Service filed the subject Motion to Dismiss pursuant to § 1308 of the Bankruptcy Code. Section 1308 requires a debtor, *inter alia*, to file all required prepetition tax returns for the 4-year period preceding the petition date.

\*\*

The Service contends that it notified the Debtor by letter dated December 4, 2007 requesting that he file tax returns for tax years 2000 and 2004. The Service further argues that the Debtor was required to file a 2004 tax return pursuant to the Internal Revenue Code. Therefore, the Service argues that the Debtor's 2004 tax return was an applicable prepetition tax return to be filed prior to the date of the first meeting of creditors as provided by § 1308(a) of the Bankruptcy Code. Although § 1308(b)(1) allows the Debtor to request that the Trustee hold the first meeting of creditors open for up to 120 days for the Debtor to file the required returns, the Service asserts that the Debtor did not make such a request and therefore failed to comply with § 1308 by timely filing applicable prepetition tax returns prior to the meeting of creditors held on December 12, 2007. For failure to comply with § 1308, the Service seeks dismissal of the Debtor's case as mandated by § 1307(e) of the Bankruptcy Code.

The Debtor objects to the Motion and contends that he has filed his 2004 tax return. He argues that he paid a tax preparation service to prepare and file his 2004 tax return and believed that it was filed. He contends that he did not learn that the Service had not received his 2004 tax return until the meeting of creditors. Although he does not dispute that the Service may have sent notices to him regarding non-filing of tax returns, he contends that he moved multiple times during the four year prepetition period and did not receive any delinquency notices from the Service. He also acknowledges that he did not request that the Trustee hold the first meeting of creditors open upon learning of the 2004 tax return deficiency at the meeting. He asserts that he mailed a copy of his 2004 tax return on or about April 3, 2008 to the Service and argues that no parties are prejudiced by this filing following the first meeting of creditors because it was still filed within 120 days of the first

2

meeting of creditors.

\*\*\*

The issue before this Court is whether the Debtor's Chapter 13 case should be dismissed upon his failure to file a tax return pursuant to §§ 1307(e) and 1308(a) of the Bankruptcy Code prior to the conclusion of the first meeting of creditors.

\*\*\*\*

Section 1307(e) of the Bankruptcy Code provides:

> Upon the failure of the debtor to file a tax return under section 1308, on request of a party in interest or the United States trustee and after notice and a hearing, the court shall dismiss a case or convert a case under this chapter to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate.

*11 U.S.C. 1307(e).*

The requirement for filing prepetition tax returns is stated under 11 U.S.C. § 1308 as follows:

> § 1308. Filing of prepetition tax returns
>
> (a) Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.
>
> (b) (1) Subject to paragraph (2), if the tax returns required by subsection (a) have not been filed by the date on which the meeting of creditors is first scheduled to be held under section 341(a), the trustee may hold open that meeting for a reasonable period of time to allow the debtor an additional period of time to file any unfiled returns, but such additional period of time shall not extend beyond--
>     (A) for any return that is past due as of the date of the filing of the petition, the date that is 120 days after the date of that meeting; or
>     (B) for any return that is not past due as of the date of the filing of the petition, the later of--

3

    (i) the date that is 120 days after the date of that meeting; or
    (ii) the date on which the return is due under the last automatic extension of time for filing that return to which the debtor is entitled, and for which request is timely made, in accordance with applicable nonbankruptcy law.
   (2) After notice and a hearing, and order entered before the tolling of any applicable filing period determined under this subsection, if the debtor demonstrates by a preponderance of the evidence that the failure to file a return as required under this subsection is attributable to circumstances beyond the control of the debtor, the court may extend the filing period established by the trustee under this subsection for--
    (A) a period of not more than 30 days for returns described in paragraph (1); and
    (B) a period not to extend after the applicable extended due date for a return described in paragraph (2).

*11 U.S.C. 1308.*

*****

  The Bankruptcy Abuse Prevention and Consumer Protection Act (hereinafter, "BAPCPA") added §§ 1307(e) and 1308 to the Bankruptcy Code as an additional basis for dismissal of a Chapter 13 debtor's bankruptcy case. <u>See</u>, *11 U.S.C. 1307(e) and 11 U.S.C. 1308.* Pursuant to § 1308(a) of the Bankruptcy Code, a debtor is required to file applicable prepetition tax returns. <u>Id</u>. This section of "BAPCPA expresses the Congressional intent that it is "important to demand that debtors file returns" to assist state revenue agencies to determine whether they had claims against the debtor and "to punish those debtors who were delinquent in filing tax returns" by withholding the benefits of Chapter 13." *In re McCluney*, Case No. 06-21175, 2007 Bankr. LEXIS 2088, *4 (Bankr. D. Kan. 2007)(<u>quoting</u> *In re French*, 354 B.R. 258, 260-261 (Bankr. E.D. Wis. 2006), <u>citing</u> H.R.Rep. No. 108-40, pt.1 (2003) and H.R.Rep. No. 109-31, pt.1 (2005)).

  The statutory language of § 1308(a) "defines the tax returns which must be filed; and it establishes time limits for their filing". <u>Id</u>. at *9. Section 1308(a) specifically requires that

4

applicable prepetition tax returns are to be filed prior to the first meeting of creditors. *11 U.S.C. 1308(a)*. This provision applies to all Chapter 13 debtors. The only exceptions are where the trustee holds open the first meeting of creditors to allow the debtor additional time to file any unfiled returns or where extended by the Court pursuant to § 1308(b)(2)(A) or (B). *11 U.S.C. 1308(b)*.

In the present case, the Service's records reflect that the Debtor was required to file a 2004 tax return pursuant to the Internal Revenue Code and did not do so. See, Service's Exhibits 1, 3, and 4. The 2004 tax return was an applicable tax return because it was required to be filed with the Service during the 4-year period prior to the Petition Date as provided under § 1308(a) of the Bankruptcy Code. *11 U.S.C. 1308*. The Service has certified to the Court that the Debtor did not file a 2004 tax return prior to the date of the meeting of the creditors. See, Declaration of Anita A. Gill.

Additionally, it is undisputed that when the Debtor learned of the discrepancy with regard to the 2004 tax return at the first meeting of creditors, he did not request that the Trustee hold open the meeting pursuant to § 1308(b)(1) to allow time for him to file the unfiled return. Instead, the first meeting of creditors was concluded and the Debtor subsequently provided a copy of his 2004 tax return. The Debtor now seeks to avoid dismissal of his case because he has recently provided a copy of his 2004 tax return. He contends that there is no prejudice in allowing him to file the 2004 tax return presently and argues that dismissal of his case is a harsh penalty for his noncompliance with § 1308.

Although the Debtor may view this as a harsh penalty, the Court must construe a statute according to its unambiguous terms. Under the circumstances of this case, failure to comply with

§ 1308 results in case dismissal pursuant to § 1307(e). *11 U.S.C. 1307(e)*. It is a "familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); see also *United States v. Ron Pair Enters.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). When a court finds the language of a statute to be clear and unambiguous, "judicial inquiry is complete, except in 'rare and exceptional circumstances.'" *Garcia v. United States*, 469 U.S. 70, 75, 105 S.Ct. 479, 482, 83 L.Ed.2d 472 (1984) (quoting *TVA v. Hill*, 437 U.S. 153, 187 n. 33, 98 S.Ct. 2279, 2298, 57 L.Ed.2d 117 (1978)). "[O]nly the most extraordinary showing of contrary intentions from [the legislative history] would justify a limitation on the 'plain meaning' of the statutory language." *Garcia*, 469 U.S. at 75, 105 S.Ct. 479. Herein, the plain meaning of the statute is consistent with the Congressional intent and no further inquiry is necessary.

Further, any equitable relief sought by the Plaintiff pursuant to § 105 of the Bankruptcy Code is also unavailing. Although section 105(a) grants the Bankruptcy Court equitable power, "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 99 L. Ed. 2d 169, 108 S. Ct. 963 (1988); see *Copper v. Copper (In re Copper)*, 426 F.3d 810, 816 (6th Cir. 2005). "Bankruptcy courts 'cannot use equitable principles to disregard unambiguous statutory language' ....The equitable powers of section 105(a) may only be used in furtherance of the goals of the Code." *Childress v. Middleton Arms, L.P.*, 934 F.2d 723, 725 (6th Cir. 1991)(citing *In re C - L Cartage Co., Inc.*, 899 F.2d 1490, 1494 (6th Cir. 1990)). It is undisputed that the Debtor did not satisfy the

requirement to file an applicable prepetition tax return under § 1308 within the established time limit and thus dismissal is warranted pursuant to the Service's motion under § 1307(e), even though a copy of the subject tax return has now been provided. Absent facts supportive of equitable relief, this Court must enforce § 1307(e) as written.

******

Accordingly, the Motion to Dismiss the Debtor's Chapter 13 Case is hereby granted, and the Debtor's Objection is overruled. Each party is to bear its own costs.

**IT IS SO ORDERED.**

Dated, this 15th day of
May 2008

**JUDGE RANDOLPH BAXTER**
**UNITED STATES BANKRUPTCY COURT**